# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY FERNANDEZ, | ) Docket No. 2:18-cr-027-NT |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS INDICTMENT

The Speedy Trial Act requires that the government must issue an indictment within thirty days of a defendant's arrest. *See* 18 U.S.C. § 3161(b). If an indictment is not filed within that time, the complaint must be dismissed. *See* 18 U.S.C. § 3162(a)(1). The Defendant filed a motion to dismiss the Indictment with prejudice for violation of the Speedy Trial Act. (ECF No. 61). The government here concedes that there has been a violation of § 3161(b). The government further concedes that the proper remedy is dismissal. Section 3162(a)(1) leaves to the court's discretion whether the dismissal should be with or without prejudice, and sets forth factors for the court to use to guide that decision. Neither type of dismissal is the presumptive remedy for a violation. *See United States v. Taylor*, 487 U.S. 326, 334 (1988).

In deciding whether the dismissal should be with or without prejudice, I consider the following statutory factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(1); *Taylor*, 487 U.S. at 333. In addition,

although not a statutory factor, I will consider the presence or absence of prejudice to the Defendant. *Barker v. Wingo*, 407 U.S. 514, 532 (1972). The Supreme Court has observed that Congress left the decision to dismiss with or without prejudice "to the guided discretion of the district court." *Taylor*, 487 U.S. at 335. And while the Speedy Trial Act requires the court to consider each of the statutory factors, it does not mandate any particular formula or order of decision-making.

## DISCUSSION

### I. Seriousness of the Offense

The Defendant is charged in the Indictment with two counts of interstate stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5). The Defendant points out that this is a Class D crime and, as such, carries a maximum of five years imprisonment, which is on the lower end of federal felonies. The Complaint in this case, however, alleges the online harassment of two women. According to the affidavit in support of the Complaint, the Defendant and victim 1 were acquaintances who had a singular sexual encounter in 2014. Aff. of Special Agent Pamela A. Flick ¶ 3 (ECF No. 2). Although the Complaint charges conduct that occurred between January 2017 and May 2017, the affidavit in support of the Complaint alleges that the unwanted electronic contact began in August of 2014 and continued through May 2017. Flick Aff. ¶¶ 4-9.

Special Agent Flick avers that the Defendant's intimidating conduct continued even after he received two visits from officers of the Brick Township New Jersey Police Department who advised him to stop contacting the victims and served him

with two notices to discontinue the harassing conduct. Flick Aff. ¶ 7. The Defendant's harassing and threatening behavior has caused both victims substantial emotional distress. Flick Aff. ¶ 10. I consider the allegations of repeated attempts to contact victims 1 and 2 over the course of many years, despite numerous requests to stop, serious.

## II. Circumstances which Led to the Violation of the Act

The parties agree that the government exceeded the 30-day speedy trial clock by 17 days. The Government contends that it exceeded the 30 day clock because of "an oversight by [Government] counsel" and not intentional misconduct. Obj. to Def.'s Mot. to Dismiss 9 (ECF No. 63).

From the time of the Defendant's arrest on June 1, 2017 until December 21, 2017, the parties were involved in plea discussions and negotiations. During that time, the Court granted five *joint* requests for extensions of time to indict. The parties requested these extensions to attempt to resolve the case without the need for an indictment, to provide time for the Defendant to obtain medical treatment, and to allow defense counsel to obtain and review the Defendant's medical records.

On December 21, 2017, after reviewing records in the case, the Government communicated to defense counsel that pretrial diversion was unlikely. Def's Ex. E (ECF No. 61-5). The parties again agreed to ask for additional time and the Court granted their joint request to extend the time to indict until January 26, 2018. Speedy Trial Order (ECF No. 41). In early January, the Government moved to revoke bail because of an alleged bail violation involving more emails to the victims. The Government ultimately withdrew the motion. While the Government investigated the

3

alleged bail violation, the Defendant requested that the FBI and the United States Attorney's Office research two threatening emails he received in 2016 that he believed were from friends of the victims. Defense counsel also asked the Government to seek authorization for a favorable, binding plea agreement. The Government claims that the proposed plea agreement contemplated the Defendant's plea to an information, rather than an indictment. Pending approval of the proposed plea agreement, Government did not present the case for indictment during the February 8-9, 2018, grand jury session. The speedy trial clock expired on February 12, 2018.[1]

On February 15, 2018, the Government contacted the Clerk's Office to verify the date of the expiration of the speedy trial clock and was informed that the clock had expired on February 12, 2018. Thereafter, the parties discussed the expiration of the speedy trial clock and were unable to come to an agreement. The Government presented the case to the next grand jury and the Defendant was indicted on March 2, 2018.

I find that the Government's failure to move for another continuance under the Speedy Trial Act between January and mid-February, 2018 was inadvertent. Because the circumstances of this case present no showing of bad faith or a pattern of neglect by the United States Attorney's office, this factor weighs against dismissal with prejudice. *See United States v. Barnes,* 159 F.3d 4, 17 (1st Cir. 1998) ("Where, as here,

---

[1] The Defendant erroneously asserts that the speedy trial clock expired on February 1, 2018. Mot. to Dismiss 6 (ECF No. 61) ("From February 2, 2018, to the return of the indictment on March 2, 2018, there were no more excludable days."). There were no more excludable days after February 1, however there were 11 more days on the Speedy Trial Clock.

4

the actual speedy trial violation resulted solely from neglect rather than intentional misconduct, that circumstance tips ever so slightly in favor of dismissal without prejudice."); *United States v. Hernandez,* 863 F.2d 239, 244 (2d Cir. 1988) ("an 'isolated unwitting violation' of the Speedy Trial Act cannot support a dismissal with prejudice" (quoting *Taylor,* 487 U.S. at 339)).

## III. Prejudice to the Defendant

The Defendant asserts that he suffered "considerable" personal prejudice in this case. Mot. to Dismiss 25 (ECF No. 61). In considering the prejudice factor, the Supreme Court in *Barker* stated as follows:

> Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

407 U.S. at 532.

Although pretrial incarceration is not a factor here since the Defendant was released on bail conditions after his arrest, the Defendant contends that his restrictive bail conditions, including not being able to leave his home except under narrow circumstances, resulted in significant personal prejudice. Def.'s Mot. to Dismiss 24-25. While pretrial bail conditions ordinarily cause some hardship, the pertinent inquiry is whether the Defendant suffered additional prejudice because he

5

remained under these bail conditions for the 17-day delay in indictment. I find that being on bail conditions for the 17 nonexcludable days did not so seriously interfere with the Defendant's liberty as to warrant a dismissal with prejudice under these circumstances.

The Defendant does not present any facts that suggest undue prejudice to his defense due to the delay. Absent evidence to the contrary, I do not consider the 17-day delay long enough to cause potential witnesses to become unavailable or lose memories of the relevant events. The only factor in the prejudice analysis that weighs in the Defendant's favor is his additional anxiety during the delay. But this is not enough standing alone and under the circumstances of this case to outweigh the seriousness of the crime, the reason for the delay, and the length of the delay.

## IV.  Impact of Reprosecution

I must also consider the impact of my decision on the administration of the Speedy Trial Act as well as on the overall administration of justice. With respect to the Speedy Trial Act, the Supreme Court has recognized that the administration of the Speedy Trial Act is not necessarily offended by a dismissal without prejudice: "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice. . . . Nonetheless, the Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction." *Taylor*, 487 U.S. at 342.  Particularly where, as here, the delay was the result of a single, apparently earnest error, extreme deterrence is not necessary.

Finally, I consider the impact of my decision on the overall administration of justice. I find that it is not in the best interest of justice to allow the Defendant to

6

avoid prosecution in this case, where there is no evidence that the delay was purposeful, unduly prejudiced the defendant, or provided the government with a tactical advantage. Given the lack of willful conduct or bad faith present in this case, as well as the serious nature of the crime charged, the administration of justice factor weighs in favor of a dismissal without prejudice.

## CONCLUSION

Based on my findings with regard to the above factors, the Defendant's Motion to Dismiss the Indictment under the Speedy Trial Act is **GRANTED**, and the Indictment is **DISMISSED** without prejudice.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 31st day of May, 2018.